Nels HANSON, Norman Overlee, Lester Grodte, Floyd Frederickson, Elmer Overlee, Nick Frederickson, Arnold Frederickson, Allan Wold, Christ Wold and Bessie M. Grodte, Plaintiffs and Appellants,

v.

Signa Siverling GRUBB, Burke County Superintendent of Schools, and Martha Halvorson, Mountrail County Superintendent of Schools, Defendants and Respondents.

No. 7808.

Supreme Court of North Dakota.

Jan. 28, 1959.

Bjella, Jestrab & Neff, Williston, for appellants.

Q. R. Schulte, Stanley, and B. L. Wilson, Jr., Bowbells, for respondents.

TEIGEN, Judge.

This is an appeal from an order denying a petition for a temporary restraining order to restrain the holding of a Special School District reorganization election.

The defendants, County Superintendents of Schools of the counties of Mountrail and Burke, acting pursuant to preliminary action taken under the school reorganization law caused to be published a notice of special election in accordance with Section 15–5314 of the 1957 Supplement to the NDRC 1943 for the purpose of submitting to the electors the question of whether a school district reorganization plan for Powers Lake School District No. 27 should or should not be approved. Appellants contend that in the first publication of the notice of special election in the Bowbells Tribune a defective error occurred in the description of the boundaries, in that it was at variance with the boundaries determined upon and adopted for the proposed district and thus fatal to the validity of the notice.

It is established and the appellants admit the description of the proposed boundaries contained in the questioned notice is correct in all respects except the following part thereof:

"Thence due east a distance of one-half mile to a point at the Northeast corner of the Northwest Quarter of Section 6, Township 157 North, Range 92 West, thence due south a distance of one mile to a point at the Southeast corner of the Southwest Quarter of Section 6."

This challenged portion of the description is preceded by the following correct description:

"To a point at the Northeast corner of the Northwest Quarter of Section 6, Township 157 North, Range 92 West, thence due south a distance of one mile to a point at the South-

east corner of the Southwest Quarter of Section 6."

Omitting the challenged part of the description of boundaries the description of the boundary set forth in the said notice is correct.

■ Analyzing the challenged portion of the description of boundaries, it states that the boundary shall proceed from a point designated as the southeast corner of the Southwest Quarter of Section 6 "due east a distance of one-half mile to a point" described as "Northeast corner of the Northwest Quarter of Section 6." However, the northeast corner of the Northwest Quarter of Section 6 is located one mile north of the starting point. Thus the direction and distance do not run to the terminus designated. When a boundary description describes a line by course and distance which conflicts with the governmental description point designated as being in the boundary or to which the line is extended the fixed governmental description point will control over the conflicting calls for course and distance. That is to say, that if a line is described to run on a certain course for a certain distance to a fixed governmental description point it will be extended to that point even if it has to run on a different course and for a different distance from those which the description designates in the absence of a different intent being shown. 8 Am.Jur., Boundaries, Sections 10, 50, 53 and 62; 11 C.J.S. Boundaries §§ 11, 47, 49 and 50; Patton on Titles, 2nd Ed. Vol. 1, Section 125 and See note 56, p. 403 for cases cited.

The remaining portion of the challenged description provides:

"Thence due south a distance of one mile to a point at the Southeast corner of the Southwest Quarter of Section 6."

and merely retraces the line and returns to the starting point.

Thus the irregularity complained of does not describe any additional area nor does it describe any lesser area than the proposed plan. It merely retraces a line already described by the description a distance one mile north and over the same course one mile south.

■ This Court finds that the description as contained in the first publication of the notice of special election may have contained surplusage but was not in error.

It is clear from the entire description what area was intended to be included.

For the reasons stated we have reached the conclusion that there was compliance with Section 15–5314, 1957 Supplement to the NDRC 1943 providing that the notice of special election shall also contain a "description of the boundaries of the proposed new district" in the first publication of said notice.

The order of the District Court is affirmed.

SATHRE, C. J., and BURKE and MORRIS, JJ., concur.